IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO.  3:12-cv-205-MHT |
| ) | (wo) |
| TOWN OF JACKSON'S GAP ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On March 6, 2012 Gene Coggins ("Plaintiff" or "Coggins") filed a complaint against the Town of Jackson's Gap concurrently with a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 1 & 2). Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed 03/12/12).[1] On March 15, 2012, the Court ordered Coggins to file an amended motion to proceed *in forma pauperis*, including completion of the "application to proceed in District Court without prepay fees or costs (Long Form)." (Doc. 4).  Coggins filed his amended motion on March 20, 2012. *(*Doc. 6).  On April 30, 2012, after having to reschedule due to Coggins' health, the Court held a hearing on Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

---

[1] Plaintiff has previously sued the undersigned Magistrate Judge, along with every other judicial officer in this court who has taken action in any of his prior lawsuits. Pursuant to the ruling of this court in *Coggins v. Town of Jackson's Gap*, 2008 WL 2074429 (M.D. Ala. 2008) (unpublished), which the undersigned hereby adopts, the Magistrate Judge concludes that he is not disqualified from proceeding in this case by reason of Coggins' prior lawsuits.

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. While the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit. Clearly, these considerations counsel that the district court must have wide discretion in denying a motion to proceed as a pauper when the complaint is frivolous.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga. 1974), *aff'd without opinion*, 516 F.2d (5th Cir. 1975); and *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

"Section 1915 mandates a two-stage procedure for processing a prisoner's pro se civil rights complaint filed in forma pauperis." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citing *Green v. City of Montezuma*, 650 F.2d 648, 650 (5th Cir. 1981); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir.1981); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir.1976). First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court may dismiss a case by a plaintiff proceeding *in forma*

*pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In the court's determination of the plaintiff's ability to prepay costs and fees, the potential plaintiff must file an affidavit indicating that he or she is unable to pay such fees or give such security. *Stewart v. Spirit Airlines/ALPA, system Bd. Of Adjustment*, 2012 WL 1069177, at *1 (S.D.Fla) (citing 28 U.S.C. § 1915(a)(1)). A court has "wide discretion" in determining whether to grant or deny a motion pursuant to § 1915(a). *Id. See also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir.2004) (citing 28 U.S.C. § 1915). This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-343, 69 S.Ct. 85, 90-91, 93 L.Ed. 43 (1948)). The Fifth Circuit explained;

> Under subsection (a), the commencement or filing of the suit depends solely on whether the affiant is economically eligible. The only determination to be made by the Court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty.

*Watson v. Ault*, 525 F.2d 886, 891 (5th Cir.1976) (citing *Campbell v. Beto*, 460 F.2d 765, 768 (5th Cir. 1972)). The statute does not grant parties an "absolute right to proceed in civil actions without payment of costs." *Levy v. Federated Dep't Stores*, 607 F.Supp. 32, 33 (S.D.Fla.1984).

Section 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,

or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor." *See* 28 U.S.C. § 1915(a)(1). While income that falls below the poverty level is a good indicator that the party may not be able to pay such a fee, there is no requirement in the code for the person to show that they are below the national poverty level in order to satisfy the requirement of poverty and thus be granted in forma pauperis.

An affidavit addressing the petitioner's financial status should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. at 338-40, 69 S.Ct. at 88. The affidavit shall be sufficient if it represents that the litigant, because of his or her poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. *Id*. at 339, 69 S.Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. *Id*. at 339-40, 69 S.Ct. at 89. "[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question ... of whether the asserted claim is frivolous or malicious." *Watson*, 525 F.2d at

---

[2]While the statute uses the word "prisoner" the affidavit requirement applies to everyone requesting leave to proceed IFP. *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir.1997), *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir.1997).

891.  At this point, the district court may employ flexibility and creativity in exercising its discretion under § 1915(d).  *Id.*  The court may deny a motion to proceed in forma pauperis if it finds that the action is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

In making its determination, the district court must provide a sufficient explanation for its determination on pauperis status to allow for meaningful appellate review. *O'Neal v. United States*, 411 F.2d 131, 138 (5th Cir.1969).  The court's consideration of a party's ability to pay for costs and attorney's fees is not limited by the party's application for leave to proceed in forma pauperis, and that the court may "look beyond the ... application ... to determine his financial condition." *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir.1982).  Consequently the court held a hearing specifically regarding Plaintiff's motion to proceed in forma pauperis.

At the hearing, the Court conducted an in-depth review into Coggins' financial status including information pertaining to (1) goods and services received by plaintiff from his church in the form of clothing, transportation, gas and other support not reported as income; (2) transfers of valuable property by plaintiff to his church on an on-going basis; and (3) facts indicating that the plaintiff retained control of, and personally benefitted from, donated property despite the 501(c)(3) status of the church.[3]  Coggins also testified that he has access to an ongoing line of credit through his bank for additional expenditures for up to a thousand

---

[3]Coggins testified that the vehicles used by himself and his wife were owned by the church but were used for all forms of personal transportation, regardless of whether the underlying reason for needing the vehicle was church related or personal.

dollars. Additionally, because plaintiff contends that his wife, not he, is the owner of assets that he uses jointly with her, the court inquired regarding those assets as well. The Court recognizes that property which is solely the property of Coggins' wife based on her inheritance of her former husband's estate cannot be considered. The Court looks only to asserts and income derived by Coggins or which would be considered community property. Based on the evidence learned at the hearing, the Court finds that Coggins does not meet the requirements for filing his claims *in forma pauperis*. Specifically, Coggins admitted in the hearing that he donates all available time and income to the Brides of Christ Church which he and his family founded and continue to control. Coggins recognized that he has medical bills above what is covered by his insurance that he is currently paying and that more bills will be coming due that he will have to adjust his budget to pay. Coggins testified that he would be able to meet all of his financial obligations, including the new bills. Coggins is also provided certain assets by the Brides of Christ Church, including vehicles, which he does not declare in his application for pauperis status. Coggins retains the benefits and control over all items he donates to the church. While the Court certainly respects Coggins desire to contribute to his church, the Court notes that the money donated to the Church is money that could be used to pay his filing fees. In other words, Coggins elects to donate the money to the church and save money by utilizing the church for his personal use in ways that would otherwise constitute expenses to be paid out of pocket such as paying his filing fees. While this is certainly his right to do, the Court must consider Coggin's election to donate

his assets to the church when making his *in forma pauperis* determination.  The Court finds that Coggins does have the financial resources to pay the filing fee for this case, but elects to do other things with those resources.   Furthermore, the court notes that Coggins has continuously and knowingly refused to comply with similar orders by all Federal Courts in numerous filings.  *See e.g., Coggins v. Abbett*, 555 U.S. 1151, 129 S.Ct. 1048, 173 L.Ed.2d 466 (Jan. 26, 2009); *Coggins v. Town of Jackson's Gap*, 555 U.S. 1160, 129 S.Ct. 1056, 173 L.Ed.2d 481 (Jan. 26, 2009); *Coggins v. Alabama*, 555 U.S. 1143, 129 S.Ct. 1012, 173 L.Ed.2d 304 (Jan. 21, 2009); *Coggins v. Parr*, 555 U.S. 1094, 129 S.Ct. 931, 173 L.Ed.2d 102 (Jan. 12, 2009).  Notably, the court looks to the ruling by the Supreme Court in a writ of certiorari action regarding a similar disregard to the court's ruling on a petition for *in forma pauperis* and states;

> Motion of petitioner for leave to proceed in forma pauperis denied, and petition for writ of certiorari to the United States Court of Appeals for the Eleventh Circuit dismissed.  *See* Rule 39.8.  As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1.  *See Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992).

*Coggins v. Tallapoosa County Dept of Revenue*, 130 S.Ct. 1898, 176 L.Ed.2d 357 (U.S. March 22, 2010).

Based on the above, the Court must **DENY** Coggins' applications to proceed *in forma pauperis*

Accordingly, it is **ORDERED** that Plaintiff's application to proceed *in forma*

*pauperis* (Docs. 2) is **DENIED**.  Plaintiff is **DIRECTED** to pay the filing fee of $350.00 to the Clerk of Court **on or before May 31, 2012.**

**Plaintiff is advised that if he fails to pay the filing fee as directed within the time allowed by the Court this action may be dismissed.**

DONE this 17th day of May, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE